The document below is hereby signed.

Signed: August 9, 2016



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROSA L. HARRISON AND | ) | Case No. 14-00334 |
| DONNY R. GARNER, | ) | (Chapter 7) |
| | ) | Not for publication in |
| Debtors. | ) | West's bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE MOTION TO REOPEN CASE

The motion to reopen filed by Rosa L. Harrison on July 13, 2016, did not include the reaffirmation agreement that is the subject of the motion. As the court noted in its prior order of July 19, 2016, that:

> The debtor does not explain why she needs to have the reaffirmation agreement be effective: after almost two years, the mortgagee does not appear to have made an effort to foreclose, signaling that it does not intend to rely on any due-on-bankruptcy clause, and the mortgagee likely would be barred from exercising any due-on-bankruptcy clause after continuing to accept payments. Although it is extremely late to be filing a reaffirmation agreement (and I am inclined to deny the motion to reopen on that basis), I will wait until I see the agreement and any explanation the debtor has why she needs the agreement to be effective before I rule on the motion to reopen.

The court ordered "that by August 8, 2016, the debtor, Rosa L. Harrison, shall file the reaffirmation agreement, along with any

explanation of why she needs to have the reaffirmation agreement be effective."

The debtor has now filed a reaffirmation agreement and a motion for approval of the same.  The agreement is not an enforceable reaffirmation agreement.  The reaffirmation agreement is signed by the debtors, but is not signed by the creditor.  Accordingly, this is not a reaffirmation agreement entered into before the debtor received a discharge.  Thus, under 11 U.S.C. § 524(c)(1),[1] the reaffirmation agreement is not enforceable.  There is no reason to reopen the case to address an unenforceable

---

[1]  Section 524(c) provides in pertinent part that:

An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if–

　　　(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title [.]

reaffirmation agreement.[2]

In addition, the debtor's motion contains no explanation by the debtor (as directed by the court's prior order) regarding "why she needs to have the reaffirmation agreement be effective." Without any such explanation, there is no reason for this court to exercise its discretion under Fed. R. Bankr. P. 4008(a) and to allow the extremely late filing of the reaffirmation agreement.

In light of the foregoing, it is

ORDERED that the debtor's motion to reopen is DENIED.

[Signed and dated above.]

Copies to: Debtor (Rosa L. Harrison)

Ocwan Loan Servicing
1661 Worthington Rd
Suite 100
West Palm Beach, FL 33409

---

[2] The court notes that part II(C)(1) of the reaffirmation agreement, the part of the agreement dealing with the disclosures required by 11 U.S.C. § 524(k)(6), contains no information. Under 11 U.S.C. § 524(k)(1), such disclosures are part of the disclosures required by 11 U.S.C. § 524(c)(2) in order for a reaffirmation agreement to be enforceable. Under §524(c), one of the requirements for a reaffirmation agreement to be effective is that "(2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement."

The cover sheet to the reaffirmation agreement indicates dollar amounts that were supposedly included on the reaffirmation agreement, but those dollar amounts do not appear on the reaffirmation agreement itself. The dollar amounts reflect a negative net monthly income, and the reaffirmation agreement neglects to check the box indicating that a presumption of undue hardship has arisen. Even if the court were to disregard these technical defects, the reaffirmation agreement remains unenforceable as not executed by the creditor.